The Director of the Office of Lawyers Professional Responsibility has filed a petition under Rule 28, Rules on Lawyers Professional Responsibility (RLPR), for transfer of respondent Joseph Paul Staehr, Jr. to disability inactive status. The petition alleges that respondent was civilly committed by order of the district court until January 25, 2020, and that because respondent's current medical condition "prevents [respondent] from competently representing clients," he should "be transferred to disability inactive status." Rule 28(a), RLPR. Respondent is not currently practicing law.
Respondent has entered into a stipulation with the Director wherein they jointly recommend that respondent be transferred to disability inactive status under Rule 28(a), RLPR, without further proceedings, coupled with a stay of a pending disciplinary investigation of respondent. The parties have also agreed that if respondent seeks reinstatement, the stay of the disciplinary investigation will be automatically lifted, and that during the reinstatement process allegations of misconduct arising out of the investigation shall be considered and a recommendation as to the appropriate discipline, if any, shall be made to the court.
The court has reviewed the petition and stipulation and concludes that transfer to disability inactive status and a stay of the pending disciplinary investigation are appropriate.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Joseph Paul Staehr, Jr. is transferred to disability inactive status, effective as of the date of this order. While on disability inactive status, respondent may not render legal advice, discuss legal matters with clients, or otherwise engage in the practice of law.
2. The pending disciplinary investigation of respondent is stayed until such time as respondent petitions for reinstatement to the active practice of law under Rules 18 and 28(d), RLPR. Upon the filing of a petition for reinstatement, the stay of disciplinary investigation will automatically be lifted. In addition to the requirements of Rules 18 and 28(d), RLPR, during the reinstatement proceeding, allegations of misconduct arising out of the investigation shall be considered and a recommendation as to the appropriate discipline, if any, shall be made to the court.
3. In addition to the requirements of Rules 18 and 28(d), RLPR, respondent's reinstatement shall further be conditioned upon respondent establishing, through expert psychological, psychiatric, and medical evidence, that he has undergone treatment and has recovered such that he is psychologically and cognitively fit to resume the practice of law.
*38 BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice